United States District Court
Southern District of Texas
**ENTERED**
March 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRELL FISHER, | § | |
| TDCJ #2147651, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-2545 |
| | § | |
| UNITED STATES TREASURY | § | |
| DEPARTMENT, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Terrell Fisher (TDCJ #2147651), filed a handwritten pleading entitled "Summary of Judgment" that has been construed as a Complaint (Docket Entry No. 1) against the United States Treasury Department (the "Treasury Department") and the United States Department of Veterans Affairs (the "VA"). The court issued an Order for More Definite (Docket Entry No. 12) and Fisher has filed a response ("Plaintiff's MDS") (Docket Entry No. 13), which provides additional details about his claims. Because Fisher is a prisoner who proceeds <u>in forma pauperis,</u> the court is required to scrutinize the pleadings and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Fisher is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Pack Unit in Navasota.[1] Public records reflect that Fisher is currently serving a ten-year prison sentence that he received in 2017, for the offense of indecency with a child by contact.[2] Fisher previously received a seven-year sentence for failure to register as a sex offender in 2003, and a three-year sentence for indecency with a child in 1990.[3]

Fisher is a veteran of the United States Army.[4] Fisher states that he began receiving disability benefits from the VA in 2021, following a diagnosis of paranoid schizophrenia and PTSD.[5] He reportedly received checks that were issued by the VA from the

---

[1] Complaint, Docket Entry No. 1, p. 5. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] See Texas Department of Criminal Justice Offender Information, available at: https://inmate.tdcj.texas.gov (last visited March 25, 2024).

[3] Id.

[4] Plaintiff's MDS, Docket Entry No. 13, p. 4 (Response to Question 13).

[5] Id. at 1 (Response to Questions 3(a) and 3(b)). Fisher's response to Question 3 in the Order for More Definite Statement appear to be out of order. See Order for More Definite Statement, Docket Entry No. 12, p. 2.

Treasury Department in the amount of $3,621.04 each month.[6]

In January 2023, Fisher learned that he had received an overpayment of benefits and that the VA was taking $70.00 a month from his inmate trust fund account to recover the overpaid amount.[7] Fisher estimates that he owes $14,000.00 to the VA for overpayment of veterans' benefits.[8] Although his handwriting is difficult to decipher, Fisher appears to allege that the VA has wrongfully taken funds from his inmate trust fund account and returned them to the Treasury Department without giving him notice and an opportunity to request a waiver of overpayment in violation of its own regulations.[9] He seeks recovery of the overpayments collected by the VA in violation of the right to due process.[10]

---

[6]Plaintiff's MDS, Docket Entry No. 13, p. 1 (Response to Questions 3(c) and 3(d)).

[7]Id. at 1 (Response to Questions 4(a) and 4(e)).

[8]Id. at 2 (Response to Question 5(b)). When a veteran is incarcerated for a felony conviction, the veteran "shall not be paid" the full amount of awarded compensation benefits "for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends." 38 U.S.C. § 5313(a)(1). Regulations that govern the reduction of veterans' benefits when they have been incarcerated for a felony conviction are found in 38 CFR § 3.665.

[9]Complaint, Docket Entry No. 1, pp. 1-4. Because the plaintiff represents himself, all of his pleadings have been reviewed under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972)(per curiam).

[10]Complaint, Docket Entry No. 1, pp. 1-4; Plaintiff's MDS, Docket Entry No. 13, p. 4 (Response to Question 10).

## II. Discussion

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" Halmekangas v. State Farm Fire and Casualty Co., 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted). Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013). The existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion. See Nguyen v. District Director, Bureau of Immigration, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Fisher's claim, which seeks recovery of overpaid disability benefits, is directly related to an administrative decision regarding his veterans' benefits. Decisions about veterans' benefits are not reviewable in a federal district court. See 38 U.S.C. § 511(a).[11] "In 1988, Congress passed the Veterans' Judicial

---

[11] This provision states limits judicial review as follows:

> The Secretary [of the Department of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to
> (continued...)

Review Act ("VJRA"),[] which clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts." Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995) (citing 38 U.S.C. § 7251 (1991)); Hall v. United States Department of Veterans' Affairs, 85 F.3d 532, 534 (11th Cir. 1996); see also Larrabee v. Derwinski, 968 F.2d 1497, 1499-1501 (2d Cir. 1992) (detailing legislative history in the area of veterans' benefits and the preclusion of judicial review of benefits determinations). The exclusive avenue for redress of veterans' benefits determinations is an appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit. See Zuspann, 60 F.3d at 1158-59; see also, e.g., Bell v. Veterans Administration, 946 F. Supp. 479, 480 (W.D. Tex. 1996) (outlining the authority to review determinations by the Secretary of Veterans Affairs and issues related to benefits, over which a federal district court lacks jurisdiction).

Fisher's due process claim plainly concerns actions taken by the VA to reduce or withhold benefits and to recover overpayments in his particular case. "Since the enactment of the VJRA, federal

---

[11](...continued)
subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." Zuspann, 60 F.3d at 1159 (citations omitted). As a result, Fisher's Complaint must be dismissed for lack of jurisdiction. See id.; Hall, 85 F.3d at 534-35 (dismissing an inmate's claim for overpayment of benefits for lack of subject matter jurisdiction).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint filed by Terrell Fisher (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The dismissal shall not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 26th day of March, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE